```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LINDA WILLIAMS, individually and    :
on behalf of all others similarly
situated,                           :
                                         16 Civ. 9834 (HBP)
              Plaintiffs,           :
                                         OPINION
     -against-                      :    AND ORDER

MAGIC MANAGEMENT, LLC d/b/a 74th    :
STREET MAGIC, LLC and WENDY LEVEY,
                                    :
              Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' application to approve their settlement agreement (Docket Item ("D.I.") 25). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff Linda Williams alleges that from approximately 1999 through 2015, she worked in defendants' nursery school as a non-exempt teacher. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law for allegedly unpaid overtime premium pay. Plaintiff also asserts claims based on defendants' alleged failure to provide certain notices as required by the Labor Law.

The parties reached their proposed settlement before the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, and therefore, my knowledge of the underlying facts and the justification for the settlement is limited to the parties' pleadings, the ex parte letters the parties submitted to Judge Fox in advance of the settlement conference and counsels' representations in the letter submitted in support of settlement approval. Plaintiff asserts that when she was employed by defendants, she worked five days a week, between 45 and 50 hours per week, and that defendants paid her the same amount for all hours worked. Plaintiff alleges that she is owed $11,437.50 in unpaid overtime wages as well as liquidated damages and attorney's fees. Defendants deny plaintiff's allegations and assert that they have records that demonstrate that plaintiff did not work as many hours as she claims in her Amended Complaint. Defendants also assert that plaintiff took thirty-minute meal breaks each day during which she was not working.

The parties have agreed to a total settlement of $10,000.00. The parties have also agreed that $540.49 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $3,153.17 (or one-third) of the remaining $9,459.51 will be paid to plaintiff's counsel as fees and the remaining $6,306.34 will paid to plaintiff (see

2

Letter from Gennadiy Yaydenskiy, Esq. to the Undersigned, dated June 26, 2017 (D.I. 25) ("Yaydenskiy Letter"); Settlement Agreement and General Release, annexed as Ex. A to Yaydenskiy Letter ("Settlement Agreement")).

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. The parties are represented by

3

counsel who are knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). As discussed further below, the settlement here satisfies the five criteria enumerated above.

First, after deduction of attorney's fees and costs, the net settlement represents approximately 55.1% of the plaintiff's estimated unpaid wages. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. The case settled early on

4

in the litigation, before the conclusion of the discovery period. Settlement avoids the necessity of completing discovery, preparing and filing dispositive motions and preparing for a trial.

Third, the settlement will enable plaintiff to avoid the risks of litigation. As noted above, defendants argue that plaintiff has exaggerated the number of hours that she worked. Plaintiff, therefore, faces the risk that a fact finder may credit defendants' assertions and their documentary evidence. Thus, whether and how much plaintiff would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down

the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because Judge Fox presided over the settlement conference that lead to the settlement, I know that the settlement is the product of arm's length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud or collusion.  The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also contains a release (Settlement Agreement ¶ 5).  However, it is permissible because it is limited to the wage-and-hour claims at issue in this action.  Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

The agreement also contains a mutual non-disparagement clause (Settlement Agreement ¶ 9).  However, it states that plaintiff "will be permitted to disclose her claims asserted in

[this litigation] and her experience in the litigation" (Settlement Agreement ¶ 9). A non-disparagement clause in an FLSA settlement that includes such a carve-out for truthful statements regarding the facts underlying the case is permissible. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Howard v. Don Coleman Advertising Inc., 16 Civ. 5060 (JLC), 2017 WL 773695 at *2 (S.D.N.Y. Feb. 28, 2017) (Cott, M.J.); Weng v. T&W Rest., Inc., 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.).

As noted above, the settlement agreement also provides that, after deduction of counsel's out-of-pocket costs, approximately 33% of the remaining settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y.

Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiffs' retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).  Therefore, the contingency fee is reasonable.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the action is dismissed with prejudice and without costs.  The Court shall retain jurisdiction to enforce the settlement agreement.

See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015).  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        October 24, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel